UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD TERRY OBERLOH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-497-PPS-CAN |
| | ) | |
| eCLIPS HAIR DESIGN INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss *pro se* plaintiff Donald Oberloh's lawsuit for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5) [DE 12]. Oberloh did not file a response to the motion. For the reasons discussed below, Defendants' motion is **DENIED**.

Oberloh filed this lawsuit on December 1, 2010 [DE 1], asserting claims against the Defendants, owners of a hair salon, for violation of Title III of the ADA [*Id.*]. Specifically, Oberloh alleges that the Defendants' hair salon is inaccessible within the meaning of Title III of the ADA [*Id.*]. Oberloh filed an *in forma pauperis* petition on the same date he filed the complaint [DE 2], which the Court granted several months later, on April 4, 2011 [DE 3].

December 1, 2010 is the filing date here, despite the Court's delay in resolving the IFP application. The Seventh Circuit discussed the relationship between IFP applications and the substantive filing date of civil complaints in *Williams-Guice v. Board of Education*, 45 F.3d 161 (7th Cir. 1995). *Williams-Guice* explained that, if a court grants an IFP application, as this Court did, "the complaint is deemed filed when lodged with the clerk." *Id.* at 164.

1

Defendants argue, under Rule 12(b)(5) that the case should be dismissed without prejudice because of Oberloh's failure to serve them within the 120-day deadline set by Federal Rule of Civil Procedure 4 [DE 12]. Rule 4 sets forth the requirements for properly serving a defendant. Fed. R. Civ. P. 4. Rule 4(m) provides that service of process shall be "made upon a defendant within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). A motion to dismiss pursuant to Rule 12(b)(5) asks the court to determine whether service of process on the defendant was sufficient. *See* Fed. R. Civ. P. 12(b)(5).

Defendants are correct that Oberloh did not comply with Rule 4(m)'s 120-day deadline. The granting of Oberloh's IFP application means that his complaint was deemed filed on December 1, 2010, the date Oberloh lodged it with the clerk. *Williams-Guice*, 45 F.3d at 164. Yet, Defendants were not served with copies of the summons and complaint until April 14, 2011 [DE 5-8], 134 days later and thus beyond Rule 4(m)'s 120-day deadline.

However, Rule 4(m)'s time period for service is not absolute. Under certain circumstances, a court may allow service to be made beyond that time frame. *See* Fed. R. Civ. P. 4(m) (stating that if service is not made within 120 days after the filing of the complaint, the court may direct that service be effected within a specified time). Even if good cause for an extension of time to effect service is not shown, courts have discretion to grant an extension of time beyond the 120-day period provided for in Rule 4(m). *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (new subdivision (m) "explicitly provides that the court shall allow additional time if there is good cause" and "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown"); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341

(7th Cir. 1996) (under Rule 4(m), courts have discretion to enlarge the 120-day period even if no good cause is shown).

Significantly, the Advisory Committee Notes to subdivision (m) of Rule 4 also provide that the "district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (m) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir. 1989)).

The Court's responsibility to protect *pro se* plaintiffs clearly extends to the circumstances here. The delay attending the resolution of Oberloh's IFP petition is precisely what the Advisory Committee Notes contemplate as a circumstance that justifies relief from the application of Rule 4(m)'s 120-day deadline. Accordingly, I find that Oberloh had good cause for his failure to serve process within 120 days of filing his initial complaint.

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss [DE 12]. Moreover, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants are **ORDERED** to file responsive pleadings within 14 days after notice of this order. Fed. R. Civ. P. 12(a)(4)(A).

**SO ORDERED.**

ENTERED: June 22, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT